UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DEFINING EXTREME VEHICLE
CAR INDUSTRY, LLC,**

 Plaintiff,

v.               **No. 4:23-cv-0840-P**

**DBL DESIGNS, LLC,**

 Defendant.

## OPINION & ORDER

Before the Court is Plaintiffs' Motion for Default Judgment. For the following reasons, the Court **GRANTS** the motion. ECF No. 11.

## FACTUAL & PROCEDURAL BACKGROUND

This case arises from an alleged breach of contract. See ECF No. 1. Plaintiff is an international designer of extreme and prototype specialty vehicles. ECF No. 1 at 3. Plaintiff approached Defendant about using Defendant's services to manufacture a prototype of its off-road pick-up truck which Plaintiff intended to market to military and law enforcement agencies. *Id.*

Plaintiff alleges that the Parties entered into a written agreement providing that Defendant would manufacture the prototype at a cost of fifty-five dollars per hour of labor and the cost of parts plus ten percent. *Id.* at 4. Plaintiff further alleges that, over a period of months and years, Defendant fell behind schedule and experienced unforeseen costs and delays in production. *Id.* To preserve the relationship, Defendant allegedly agreed to give Plaintiff bi-weekly status reports, but never followed through. *Id.* Plaintiff alleges that Defendant later offered to complete the prototype in three months if Plaintiff paid $800 per week in labor. *Id.* at 5. Plaintiff alleges that it agreed, provided that Defendant submitted status reports and invoices. *Id.* Plaintiff alleges that it has not received any communication from Defendant since. *Id.*

Plaintiff sued for breach of contract. Defendants, however, failed to respond. The Clerk issued entry of default as a result. And now the Court reviews this Motion for Default Judgement.

## LEGAL STANDARD

A plaintiff may move for default judgment under Federal Rule of Civil Procedure 55. FED. R. CIV. P. 55(a). Courts use a three-step analysis to determine whether a party can secure a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). *First*, a party must fail to respond or otherwise defend against an action. *Id. Second*, an entry of default must be entered when the default is established by affidavit or otherwise. *Id. Third*, a party must apply to the court for a default judgment. *Id.*

## ANALYSIS

### A. Procedural Requirements

The Court must now determine whether default is procedurally warranted. In doing so, the Court considers whether: (1) there is an issue of material fact; (2) substantial prejudice is present; (3) proper grounds for default are clearly established; (4) the defaulting party made a good faith mistake or committed excusable neglect; (5) default judgment would be a harsh remedial measure; and (6) the Court would feel obligated to set aside default upon a defendant's motion. *Davis v. Parkhill-Goodloe Co., Inc.*, 302 F.2d 489, 495 (5th Cir. 1962).

*First*, Plaintiff filed a well-pleaded complaint alleging facts that raise a right to relief. Because Defendants have failed to answer or otherwise respond, they admit Plaintiff's non-conclusory allegations, except those relating to the number of damages. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n. 29 (5th. 2002). *Second,* Defendants' failure to answer or otherwise respond to the complaint brought the adversarial process to a halt, causing substantial prejudice to Plaintiff and its claims. Defendants have had ample opportunity to answer or otherwise respond. There is no substantial prejudice present. *Third*, Defendants' continued failure to participate in this litigation establishes the requisite grounds for default. *Fourth,* there is no reason to believe that

Defendants are acting under a good-faith mistake or excusable neglect. *Fifth*, a default judgment is not harsh because it is the exact procedural device that is necessary for the Court to maintain the efficiency of its docket. *See Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990). Plaintiff properly served Defendants, Defendants have failed to appear, and Defendants are in default. Such circumstances warrant a default judgment under Rule 55(b)(2). *Sixth*, nothing in the record suggests that Court would set aside its default against Defendants if they were to move for such relief.

The Court concludes that default is procedurally warranted.

## B. Entitlement to Judgment

The Court next assesses whether the factual content of the pleadings provide a sufficient basis for default judgment. *See Lindsey*, 161 F.3d at 886. Although defendants in default are considered to have conceded the allegations stated in the plaintiff's complaint upon entry of default, the Court must evaluate the pleadings to ensure the sufficiency of the complaint. *Nishimatsu Const. Co. v. Hous. Nat. Bank*, 515 F.2d 1200, 1201 (5th Cir. 1975). In the Fifth Circuit, district courts refer to Federal Rule of Civil Procedure 8 to determine the adequacy of pleadings. *Wooten v. McDonald Transit Assocs.*, Inc., 788 F.3d 490, 498 (5th Cir. 2015) (recognizing that a pleading complying with Rule 8 is sufficient for default judgment under Rule 55). Under Rule 8(a)(2), a pleading must provide a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(A)(2). The pleadings must ultimately give Defendants sufficient notice of the claims alleged against them and their underlying bases. *Wooten*, 788 F.3d at 498. While the factual allegations need not be exhaustive, they must raise a right to relief beyond mere speculation and offer more than unsubstantiated accusations. *Id.*

To allege a breach of contract in Texas, a plaintiff must show: (1) a valid contract between the plaintiff and defendant, (2) performance or tender of performance by the plaintiff, (3) the defendant's breach, and (4) resulting damages to the plaintiff. *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 858 (5th Cir. 2014).

Here, Plaintiff alleges that it entered into a written agreement with Defendant which set specific price terms and an exclusivity clause for delivering its prototype vehicle which Defendant agreed to produce. ECF No. 1 at 4. That is a contract. Plaintiff further alleges that it "paid [Defendant] hundreds of thousands of dollars for parts and labor on [the vehicle]" over the ensuing months and years. *Id.* That is performance or tender. Plaintiff then alleges that production fell behind schedule, and Defendant never replied to a substitutionary offer to finish the prototype on a definitive timeline. *Id.* at 5. That is a breach. And Plaintiff finally alleges that it suffered damages constituting the amounts periodically paid to Defendant and lost profits from the failure to finish the vehicle. *Id.* at 6.

Thus, Plaintiff has properly alleged a breach of contract. The Court now considers Plaintiff's entitlement to damages.

### C. Entitlement to Damages

When the factual content of the pleadings provides a sufficient basis for default, a court must next analyze whether the record present supports the amount and type of damages requested by a plaintiff. *See Richardson v. Salvation Army*, 161 F.3d 7, 8 (5th Cir. 1998). A plaintiff must have "support in the record and [a] method of determining the accuracy of those totals." *Id.* And so "mere statements of award values without any indication of how those amounts were reached cannot rise to the level of an amount liquidated or capable of mathematical calculation." *Id.*

Here, Plaintiff has adduced sworn declarations and billing records demonstrating the value of the amounts it paid for Defendant's services to date and to its attorneys for prosecuting this suit. ECF No. 12 at 5, 39. Plaintiff has introduced records and invoices which represent $461,875.81 in total amounts it paid to Defendant as required by their agreement, and billing records which indicate it paid $30,351.50 in reasonably calculated attorneys' fees associated with this lawsuit. *Id.*; *See generally* ECF No. 12.

Accordingly, Plaintiff has introduced sufficient record evidence demonstrating the accuracy of the damages it alleges.

## CONCLUSION

Because Plaintiff is procedurally entitled to a default judgment against Defendant and has sufficiently alleged the elements to its breach-of-contract claim and the amount of damages and expenses it has incurred, the Court **GRANTS** Plaintiff's Motion for Default Judgment (ECF No. 11).

**SO ORDERED** on this **29th day of November 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE